HEARD NOVEMBER TERM, 1873.

## *In Re.* STOKES.

Where a party is committed for contempt by a Court of record having jurisdiction of the subject-matter and the party, for irregularity in the proceedings, or error of judgment, *habeas corpus* is not the remedy. Relief must be sought by appeal.

This was a·writ of *habeas corpus,* directed to the Sheriff of Green-ville County, commanding him. to have the body of Edward F. Stokes, with the day and cause of his caption and detention, before the Supreme Court. The Sheriff. made return to the writ, and sub-mitted as the cause of caption and detention a warrant, signed by the Judge of the 8th Circuit, in words and figures as follows :

"STATE OF SOUTH CAROLINA, GREENVILLE COUNTY. } *In Circuit Court.*

" R. H. Earle, plaintiff, against Edward F. Stokes, defendant.

" A notice having been made by the Court on the 25th day of July, A. D. 1872, that the defendant herein should appear before this Court and answer such questions as may be propounded to him, touching his property, and the said defendant refusing to be so sworn and answer, it is ordered that he be held by the Sheriff in close confinement until such time as he shall make such answer.

"T. H. COOKE.

"September 12, 1873."

Upon the motion for discharge the petitioner submitted his own affidavit, wherein he set forth certain supposed irregularities in the proceedings before the Circuit Court, and stated that he had taken an appeal from the orders of the Judge. It seemed, from the affi-davit, that the proceedings in the Circuit Court were supplementary to an execution of R. H. Earle against the petitioner.

Feb. 17, 1874.   The opinion of the Court was delivered by

MOSES, C. J.   If any irregularities exist in the course of the proceeding under which the petitioner was committed, or if the conclusion of the presiding Judge, which resulted in the order of attachment, was erroneous, they are to be corrected by the appeal now pending, or which may be hereafter taken.   Any anticipation of the judgment which may follow their hearing in the regular course, it is proper should now be carefully avoided.

The order of the 25th July, 1872, in the case of R. H. Earle, against this petitioner, appears to have been the origin of all the succeeding orders which were made, or, at least, of the one under which the applicant was committed.   It was intended as the inception of what is termed in the Code of Procedure "proceedings supplementary to the execution," (Gen. Stat., 644), and was resorted to as the mode by which relief could be obtained through the remedy thereby provided.   The jurisdiction to enforce the provisions therein prescribed attached to the Circuit Court.   While it is to be regretted that the appeal was not pressed, so that the propositions involved in it could have been submitted at the present term, we are obliged to meet the motion now made under the writ of *habeas corpus* on its own merits, independent of any question of error on the part of the Circuit below.

The case of *James and James* vs. *Smith*, and *Gillam* vs. *McJunkin*, 3 S. C., 180 and 442, announce the principles upon which the motion before us must be determined.   It is not necessary to enlarge upon them, for they present the very point on which the decision here must turn.   Where a Court of record has jurisdiction of the subject-matter and the party, its judgment, though erroneous, must stand until rescinded by the proper tribunal.   Such a Court must be the judge of a contempt committed against its authority, and its order must avail until reversed in the mode provided by law, which, under our practice, is by appeal.

The jurisdiction of the Court in "proceedings supplementary to the execution," is directly conferred by statute.   It is not necessary to inquire whether the Court had the right to invoke the aid of its common law power to enforce, through the process of attachment, compliance with its orders in the course of such "proceedings," for the 328th Section of the Code, (Gen. Stat., 648), in terms, confers on the Judge the right to punish, as for a contempt, any disobedience

of any order made by a party or witness thereunder, and provides for the discharge by him of the person so committed.

The motion to release the petitioner is refused.

*Wright*, A. J., and *Willard*, A. J., concurred.